IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS WAYNE McCRAY,

    Plaintiff,                      No. CIV S-09-0527 GEB GGH P

    vs.

MONROE, et al.,

    Defendants.                <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. For the following reasons, the court recommends that this action be dismissed.

        In the original complaint filed February 24, 2009, plaintiff alleged that prior to his incarceration he was homeless. While homeless, he frequented a local rescue mission in Pasadena. The head counselor of the mission was an ex-prostitute, whom the leader of the Italian Mafia, Judge Kaguilera, had befriended. Plaintiff alleges that he was approached by the judge who told plaintiff that the counselor had expressed an interest in him. Plaintiff told the judge that he had no interest in dating the counselor. The judge then asked plaintiff if he (plaintiff) would like to sleep with the judge and his wife. The judge told plaintiff that he was really a woman trapped in a man's body. Plaintiff said no. The judge then asked plaintiff if he would rather just

1

sleep with him. Plaintiff answered no. Plaintiff then noticed that he was surrounded by fellow Mafia members who were there to vote on whether plaintiff lived or died.

Plaintiff went on to allege that the judge said that plaintiff could live if he agreed to live with him. He then said, "rape him if he doesn't want to be with me." Plaintiff alleges that this went on for six days. At night, he was given an injection and went out cold. At other times, the judge ordered other people to take plaintiff. One of these people was a police officer, who raped plaintiff.

When plaintiff was sent to prison, the Italian Mafia set him up to be killed in prison. Plaintiff alleged that while housed at Pleasant Valley State Prison, Correctional Officer Monroe gave his cellmate a syringe to use to kill plaintiff. At Mule Creek State Prison, Captain Olivias told plaintiff that he would remove him from his single cell status so that a cellmate would kill him.

On March 5, 2009, the court dismissed the complaint with leave to amend. Pending before the court is the amended complaint filed April 2, 2009. Named as defendants are Correctional Officer Monroe and Captain Olivias. Plaintiff alleges that defendant Monroe gave his cellmate a syringe filled with drugs so that the cellmate could kill plaintiff. Plaintiff alleges that defendant Olivias removed him from single cell status so that a cellmate could kill plaintiff. The amended complaint does not contain the allegations contained in the original complaint regarding the Italian Mafia set-up and Judge Kaguilera.

A complaint will be considered frivolous, and therefore subject to dismissal "where it lacks an arguable basis either in law or in fact." Nietzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S.Ct. 1728 (1992). A federal court cannot properly sua sponte dismiss an action commenced in forma pauperis applicant if the facts alleged in the complaint are merely "unlikely." Denton, 504 U.S. at 33. However, a complaint may be properly dismissed sua sponte if the allegations are found to be "fanciful," "fantastic," or "delusional," or if they rise to the level of the irrational or the wholly

incredible." Id. In addition, cases which "merely repeat[ ] pending or previously alleged claims" may be dismissed as frivolous. Caro v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995).

Taken in context of the entire case, the claims in the amended case are legally frivolous under the standards set forth immediately above. Denton, 504 U.S. at 33. For this reason, the court recommends that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2009

/s/ Gregory G. Hollows
───────────────────────────────
UNITED STATES MAGISTRATE JUDGE

mc527.dis